IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. GREEN, | : | |
| Petitioner, | : | |
| vs. | : | CA 13-0293-WS-C |
| STATE OF ALABAMA, et al., | : | |
| Respondents. | | |

## REPORT AND RECOMMENDATION

Michael J. Green filed a habeas corpus petition pursuant to 28 U.S.C. § 2254 in this Court on May 31, 2013 (Doc. 1) and concurrent therewith a motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is recommended that Green's petition be dismissed for failure to meet the "in custody" requirement of § 2254(a).

## FINDINGS OF FACT

Green was convicted of first-degree sexual abuse in the Circuit Court of Dallas County, Alabama on June 10, 2003, and was sentenced, on July 14, 2003, to a ten-year split sentence; petitioner was ordered to serve eighteen (18) months in prison, with the remainder of the sentence to be dismissed upon successful completion of three (3) years probation and 300 hours of community service. (*See* Doc. 1, at 1.) Petitioner's conviction and sentence were affirmed on appeal, the Alabama Supreme Court denying Green's petition for writ of certiorari on August 14, 2004. (*See id.* at 3.) All of Green's state collateral attacks on his conviction and sentence have likewise been unsuccessful. (*See id.* at 4-6.) Although Green sets forth his prison number and indicates in the style of the

case that he is confined in the Alabama Department of Corrections in Bibb County (*see id*. at 2), he indicates above the signature line that he placed the petition in regular mail, as opposed to the prison mailing system (*see id*. at 16). Moreover, in his IFP motion, Green indicates that he lives in the free world; he has provided this Court with a P.O. Box mailing address in Selma, Alabama, stated that he was last employed by the State of Alabama Department of Labor in Montgomery, Alabama on December 14, 2012 and that he is presently receiving weekly unemployment benefits totaling $118.00, and stated that his monthly rental obligation totals $740.00. (*See* Doc. 2, at 1-4.)

## CONCLUSIONS OF LAW

A district court has the power under Rule 4 of the Rules Governing Section 2254 Cases "to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *see Jackson v. Secretary for the Department of Corrections,* 292 F.3d 1347, 1349 (11th Cir. 2002) ("[W]e hold that the district court possessed the discretion to raise *sua sponte* the timeliness issue."); *Hill v. Braxton,* 277 F.3d 701, 705 (4th Cir. 2002) ("Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses *sua sponte*, as the district court did in this case."). Rule 4 provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. foll. § 2254, Rule 4.

The general rule is that federal courts have jurisdiction to entertain a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 only if the petitioner "is ***in custody*** in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis supplied); *see also* 28 U.S.C. § 2241(c)(3) ("The writ of habeas

corpus shall not extend to a prisoner unless [h]e is *in custody* in violation of the Constitution or laws or treaties of the United States[.]" (emphasis supplied)).

> This "in custody" requirement is jurisdictional. To satisfy the "in custody" requirement, the habeas petitioner must be in custody under the conviction or sentence under attack at the time his petition is filed. Although federal courts broadly construe the phrase "in custody," the "in custody" requirement has not been extended to cover a scenario where a petitioner suffers no "present restraint" from the conviction being challenged. In *Maleng,* the Supreme Court held that a habeas petitioner is not in custody under a conviction when the sentence imposed for that conviction has fully expired at the time the petition is filed. A habeas petitioner can, however, satisfy the "in custody" requirement if he is presently serving a sentence that was enhanced by the prior expired conviction.

*Lanier v. Patterson*, 2013 WL 942441, *1 (N.D. Fla. Feb. 25, 2013) (internal citations and brackets omitted; some internal quotation marks omitted), *report and recommendation adopted,* 2013 WL 935747 (N.D. Fla. Mar. 11, 2013); *see also Diaz v. State of Florida Fourth Judicial Circuit ex rel. Duval County*, 683 F.3d 1261, 1264 (11th Cir. 2012) ("Although we broadly construe the phrase 'in custody,' that requirement has not been extended to cover a scenario where a petitioner suffers no 'present restraint' from the conviction being challenged. Thus, prior to *Garlotte*, the Supreme Court held that a petitioner was not 'in custody' for purposes of the federal habeas statute where his sentence had expired and the prior conviction would 'be used to enhance the sentences imposed for any subsequent crimes of which he is convicted.' Importantly, the Court noted—and *Garlotte* did not suggest otherwise—that it has never held that 'a habeas petitioner may be "in custody" under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.'" (internal citations omitted; emphasis in original)).

The faces of Green's § 2254 petition and IFP motion clearly establish that his July 14, 2003 state sentence had fully expired by the time he filed this action (*compare* Doc. 1,

3

at 2 & 16 *with* Doc. 2, at 1-4) and he nowhere alleges that he is currently on probation or parole, *compare id. with Duvallon v. Florida,* 691 F.2d 483, 484-485 (11th Cir. 1982) ("In the context of habeas proceedings, the 'in custody' requirement may be met where a petitioner is on probation, parole, or bail."), *cert. denied,* 460 U.S. 1073, 103 S.Ct. 1533, 75 L.Ed.2d 953 (1983). In other words, there is nothing to suggest that Green is "currently under any 'present restraint' attributable to his [Alabama] conviction." *Diaz, supra,* 683 F.3d at 1265. Accordingly, the undersigned concludes that this Court lacks jurisdiction to entertain Green's § 2254 petition. *See id.* at 1264 ("Construing the custody requirement liberally, we find that Diaz's state sentence had fully expired at the time he filed his § 2254 petition and therefore deprived the district court of jurisdiction to decide the petition's merits.").[1]

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability in this case be denied. 28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). Where, as here, a habeas petition is being denied on procedural grounds without reaching the merits of the underlying constitutional claim, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable

---

[1] Based on the disposition of the instant habeas corpus petition, Green's IFP motion (Doc. 2) is **MOOT**.

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000); *see Miller-El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003) ("Under the controlling standard, a petitioner must 'sho[w] that reasonable jurists could debate whether  (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "adequate to deserve encouragement to proceed further."'"). Inasmuch as the face of the instant petition establishes that Green's sentence has expired, a reasonable jurist could not conclude that this Court is in error in dismissing Green's petition for want of jurisdiction or that Green should be allowed to proceed further, *Slack, supra*, 529 U.S. at 484, 120 S.Ct. at 1604 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.").

      Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by Green, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation. *Brightwell v. Patterson*, CA 11-0165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States*, 2011 WL 3241817, *20 (S.D. Ala. June 28, 2011) (providing for the same procedure), *report and recommendation adopted*, 2011 WL 3241580 (S.D. Ala. July 29, 2011); *Griffin v. DeRosa*, 2010 WL 3943702, at

*4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth*, 2010 WL 3943699 (N.D.Fla. Oct. 5, 2010).

## CONCLUSION

The Magistrate Judge recommends that Michael J. Green's petition for writ of habeas corpus be dismissed for lack of jurisdiction in accordance with 28 U.S.C. § 2254(a). Petitioner is not entitled to a certificate of appealability and, therefore, he is not entitled to appeal *in forma pauperis*.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D.ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 11th day of June, 2013.

     s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**